UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IHOR HLUKH | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Cause No. 1:25-CV-110-HAB |
| | ) |
| OLGA KALCHENKO, et al., | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Plaintiff filed this lawsuit seeking emergency custody of his children and making a plethora of allegations against his children's mother and state actors involved in his criminal prosecution and CHINS action. (ECF No. 1). He simultaneously sought leave to pursue his case *in forma pauperis* ("IFP"). (ECF No. 3). Although styled differently, Plaintiff is seeking the same relief he seeks in another matter with this Court that is stayed pending the adjudication of his state court cases. *See Hlukh v. Kalchenko,* Case No. 1:24-cv-000522 at DE 6, 9, 13. The Court has already granted Plaintiff IFP status in that case. *Id.* The Court will not allow Plaintiff to file the same lawsuit against the same parties just for the hopes of a different outcome. The Court will thus DENY Plaintiff's Motion to Proceed IFP and his case will be DISMISSED.

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the plaintiff "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Yet the Court's inquiry does not stop there; 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of a complaint filed by an IFP plaintiff—whether "filed by prisoners [or] non-prisoners [.]" *Higgins v. Houseman,* 2024 WL 3225971, at *1 (S.D. Ill. June 28, 2024).

28 U.S.C. § 1915(e)(2)(B) permits the district court to deny a qualified plaintiff leave to proceed IFP and dismiss a case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against somebody who is immune. An action is frivolous, or lacks merit, "if the petitioner can make no rational argument in law or facts to support his claim for relief." *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). Moreover, it is "malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Park v. Bd. of Trustees of Univ. of Illinois*, 2018 WL 11306144, at *1 (C.D. Ill. May 7, 2018), *aff'd*, 754 F. App'x 437 (7th Cir. 2018).

In his other pending case with this court, Plaintiff alleges that a broad conspiracy exists between private parties, investigators, prosecutors, judicial officers, and members of DCS. He believes that these actors worked in concert to bring fictitious charges in his state criminal case and tainted the concurrent CHINS proceedings regarding his minor children. Defendant's criminal prosecution is ongoing in Adams County, Indiana, Circuit Court Cause No. 01C01-2410-F5-33. Those records show that Defendant was charged with three counts of felony domestic battery and one count of strangulation.[1] The Court stayed his federal case pending the resolution of his state case for which a jury trial is schedule on June 10, 2025.

During the stay, Plaintiff filed a Petition for Immediate Return of Children. *Hlukh,* Case No. 1:24-cv-000522 at DE 8. The Court denied that request:

> His request that the Court order the return of his children has no more merit. The Court must assume that Plaintiff and his children are the subject of an ongoing CHINS proceeding based on his allegations that the children were removed by Adams County DCS. This Court can no more interfere in those proceedings than it can Plaintiff's criminal prosecution. *See Murphy v. Allen County DCS/CASA*, Cause No. 1:23-CV-9-HAB-SLC, 2024 WL 992245, at *5-8 (N.D. Ind. Feb. 14, 2024) (applying *Younger* abstention to CHINS proceedings). As *Murphy* makes clear, CHINS proceedings are judicial enough in nature and implicate important state interests. They offer adequate opportunity for review of constitutional claims.

---

[1] Adams Circuit Court case information is publicly available at https://mycase.in.gov.

2

> And, while Plaintiff's allegations could invoke the "extraordinary circumstances" exception to *Younger, see FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007), the Court does not find that exception applicable.
>
> To apply the exception, the Court must first "determine whether the pending state proceeding was motivated by a desire to harass or is conducted in bad faith." *Id.* at 597. Bad faith is claimed by Plaintiff. But if the criminal allegations against Plaintiff, which include physical abuse of the children and an attack on his wife that resulted in a month-long coma and a partial leg amputation, are true then the removal of the children would seem reasonable.
>
> But bad-faith aside, the Court must consider whether Plaintiff has shown "an extraordinary pressing need for immediate federal equitable relief' that, if not granted, will irreparably injure Plaintiff. *Moore v. Sims*, 442 US 415, 433 (1979). In *Kugler v. Helfant*, the Supreme Court expounded on this second exception, noting that for it to apply, there (1) must be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; and (2) that the litigant will suffer "great and immediate" harm if the federal court does not intervene. 421 U.S. 117, 124–25 (1975). Thus, Plaintiff must show that there is no state remedy available to meaningfully, timely, and adequately remedy his alleged constitutional violations.
>
> Contrary to Plaintiff's assertions, he does have a state court remedy available. "Indiana authority indicates that parties to a CHINS proceeding are able to bring constitutional claims of due process violations at the time of the proceeding as well as appeal an adverse decision on due process grounds." *Hatch v. Ind. Dep't of Child Servs.*, Cause No. 1:17-CV-357-TLS, 2018 WL 1725883, at *2 (N.D. Ind. Apr. 9, 2018) (collecting cases); *cf. Majors v. Engelbrecht*, 149 F.3d 709, 713 (7th Cir. 1998) ("[T]he [administrative] proceeding allow[s] an adequate opportunity to raise constitutional challenges. Subsequent judicial review is a sufficient opportunity, and here Indiana law provides for review of constitutional claims by way of a petition to the state court . . ..."). If the removal of Plaintiff's children was incorrect, he can show that through the CHINS proceeding.

*Hlukh,* Case No. 1:24-cv-000522 at DE 9 (Denying Plaintiff's request for lack of jurisdiction).

And here we are again with Plaintiff seeking the same relief against the same defendants.

Each defendant named in this lawsuit is named in Plaintiff's stayed case.[2] He alleges the same conspiracy in both cases, the only difference being that he narrows his focus on the DCS and the related CHINS proceedings. And he seeks the same relief in both cases. District courts have

---

[2] Although the spelling of the several defendant's names differ slightly between the suits, the substantive filings in both cases make clear that they are the same people.

"broad discretion to dismiss a complaint 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court'" and an action is duplicative where the "claims, parties, and available relief do not significantly differ between the two actions." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012). Plaintiff does not get to fight identical battles at that the same time, no matter how dissatisfied he may be with his stayed proceeding. To the extent Plaintiff's Complaint has some merit, he can continue to test those waters in his stayed case at the conclusion of his state proceedings. But this case is duplicative and therefore malicious under 28 U.S.C. § 1915(e)(2). *See Park v. Bd. of Trustees of Univ. of Illinois*, 2018 WL 11306144, at *3. It will thus be dismissed.

For these reasons, the Court DENIES Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) and this case is DISMISSED.

SO ORDERED on March 17, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT